UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSEPH B. SANDOVAL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 17-12054-JGD |
| RLI INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO STAY

December 18, 2017

DEIN, U.S.M.J.

### I. INTRODUCTION

The plaintiff, Joseph B. Sandoval, was injured on June 19, 2015 when he fell from a ladder while painting a hallway at the Aloft Hotel in Lexington, Massachusetts. He brought an action in Middlesex Superior Court on May 1, 2017 against Rockwood Capital, LLC, the owner and/or operator of the premises, and Rockwood's insurer, RLI Insurance Company. <u>Sandoval v. Rockwood Capital, LLC</u>, Middlesex Superior Ct., Civil Action No. 1781-CV-01304. In Count I of the complaint, plaintiff asserted a negligence claim against Rockwood. In Count II, plaintiff alleged that RLI engaged in unfair claims settlement practices, in violation of Mass. Gen. Laws chs. 93A & 176D.

On September 21, 2017, the Massachusetts trial judge severed the claims against RLI from those against Rockwood, but refused to stay discovery against RLI. RLI then removed the action against it to this court on the basis of diversity jurisdiction. The matter is before this

court on RLI's "Motion for Reconsideration of State Court's Denial of Motion to Stay" (Docket No. 8), pursuant to which RLI is seeking a stay of discovery in this federal action. Sandoval responded by filing a "Limited Opposition" (Docket No. 9) in which he argues that the case should be remanded to state court where he will assent to a stay of discovery. This court deemed the plaintiff's pleading to be a motion to remand, and requested a response from RLI. (See Docket No. 13). RLI then filed an opposition to the motion to remand (Docket No. 14), and a hearing was held on December 15, 2017.

For the reasons detailed herein, the motion to remand is DENIED as the matter was properly removed on the basis of diversity jurisdiction. Defendant's request for a stay of discovery is ALLOWED.[1] Discovery is stayed pending resolution of the state court action against Rockwood. RLI shall file a status report with this court every 90 days, unless otherwise directed, informing this court about the status of the state court proceeding.

## II. DISCUSSION

### A. Motion to Remand

A defendant is entitled to remove a state court action to a United States District Court pursuant to 28 U.S.C. § 1446(a) if two conditions are met. "First, the opposing parties must have complete diversity of citizenship, which requires that no plaintiff may be a citizen of any state of which any defendant is also a citizen." Lucas v. Ultima Framingham LLC, 973 F. Supp. 2d 98, 99 (D. Mass. 2013) (citing 28 U.S.C. § 1332(a)(1, 2)). "Second, the amount in controversy must 'exceed the sum or value of $75,000, exclusive of interest and costs.'" Id. at 99-100

---

[1] Despite the title of defendant's motion, this court is not "reconsidering" the state court's decision. Rather, it has made an independent assessment of the merits of a stay in this federal proceeding.

(quoting 28 U.S.C. § 1332(a)) (internal punctuation omitted). A plaintiff may challenge the removal of an action to federal court based on lack of federal jurisdiction, and may seek a remand to state court pursuant to 28 U.S.C. § 1447. "When the plaintiff challenges removal based upon diversity jurisdiction, the defendant bears the burden of demonstrating that the removal is permissible." Lucas, 973 F. Supp. 2d at 100.

When the state court action was commenced against Rockwood and RLI, there was not complete diversity between the parties. It is undisputed that the plaintiff is a citizen of New York, and plaintiff has alleged that Rockwood is based in New York and Massachusetts. (See State Court Compl. (Docket No. 8-1) at ¶¶ 1, 2). RLI has submitted evidence establishing that Rockwood is a limited liability company organized under Delaware law, and that it has members based in New York. (See Docket No. 14 at Ex. A). For diversity purposes, "citizenship of a limited liability company is determined by the citizenship of all its members." Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Therefore, there was no diversity between plaintiff and defendant Rockwood at the time suit was filed.

RLI argues that since there was no diversity between Sandoval and Rockwood at the time suit was filed, it could not remove the case to federal court until its case was severed from Rockwood's. Sandoval argues in response that since the 93A claim could not be tried to a jury in state court, the 93A claim was, in fact, "severed" at the time suit was filed.[2] Sandoval has not

---

[2] In Nei v. Burley, 388 Mass. 307, 311-15, 446 N.E.2d 674, 677-79 (1983), the Massachusetts Supreme Judicial Court ("SJC") held that there is neither a statutory right nor a constitutional right to a jury trial under the Massachusetts Constitution for a 93A claim. However, in the recent case of Full Spectrum Software, Inc. v. Forte Automation Sys., Inc., 858 F.3d 666 (1st Cir. 2017), the First Circuit held that certain 93A claims are triable to a jury as of right in federal court pursuant to the federal Constitution. Id. at 674-78.

cited any cases holding that a defendant may unilaterally deem the claims against it to be "severed" from claims against other defendants, and no support for this proposition has been found. Rather, 28 U.S.C. § 1441 refers to a defendant's right to remove a "civil action," not part of a civil action. Therefore, this court concludes that RLI could not have removed the action to this court when Sandoval filed his complaint since there was no diversity between Sandoval and Rockwood.

With exceptions not relevant here, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). RLI is an Illinois corporation with a principal place of business in Illinois. (See Notice of Removal (Docket No. 1) at ¶ 9). Since there is complete diversity between Sandoval and RLI, the action against RLI became removable once the severance order issued. See, e.g., Shannon v. Church Mut. Ins. Co., No. 4:15 CV 1279 CDP, 2015 WL 5444790, at *1 (E.D. Mo. Sept. 15, 2015) ("once the state court severed the third-party coverage action from the underlying liability action . . . , the coverage action became removable because complete diversity existed" between the plaintiff and insurer). RLI filed its notice of removal within 30 days of the state court's order severing RLI's case from Rockwood's, so its removal was timely. Plaintiff does not dispute that the amount in controversy in this action exceeds $75,000.00. Therefore, this court has jurisdiction over this action against RLI, and the motion to remand is denied.

### B. Motion to Stay Discovery

As evidenced by the plaintiff's willingness to enter into a stay of discovery against RLI if the case were to be remanded, the law in Massachusetts is clear that discovery from RLI relating to the claim of unfair settlement practices should be stayed until Sandoval's action against Rockwood is completed. As the SJC recognized in Monty v. Cenedella, No. SJ-2004-0480 (Jan. 13, 2005) (Docket No. 8 at Ex. C), "the standard practice is and has long been to stay discovery and trial of an unfair claim settlement practices case until the underlying tort claim has been resolved." Id. at *2-3 (Single Justice of the SJC allows insurer's motion to sever and stay discovery). This is because "[d]iscovery into and trial of the unfair claim settlement practices claim prior to trial of the underlying tort claim is . . . approaching the two claims in the wrong order" and "creates a host of problems, in particular allowing discovery of issues that would, with respect to the tort claim, be undiscoverable (e.g., the insurer's claim file)." Id. at *1. For these reasons, RLI's motion to stay discovery in this case is allowed.

### III. ORDER

Plaintiff's motion to remand (Docket No. 9) is DENIED as the matter was properly removed on the basis of diversity jurisdiction. Defendant's request for a stay of discovery (Docket No. 8) is ALLOWED. Discovery is stayed pending resolution of the state court action against Rockwood. RLI shall file a status report with this court every 90 days, unless otherwise directed, informing this court about the status of the state court proceeding.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge